NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHENG SHAN ZHOU, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 15-72462 Agency No. A205-286-399 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2019**
Honolulu, Hawaii

Before: THOMAS, Chief Judge, and CALLAHAN and CHRISTEN, Circuit
Judges.

Petitioner Sheng Zhou, a native and citizen of China, petitions for review of

the Board of Immigration Appeals' (BIA) dismissal of his appeal challenging the

immigration judge's (IJ) denial of asylum and withholding of removal. We have

jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

1. The BIA properly concluded that Zhou failed to establish extraordinary circumstances to excuse his untimely asylum application. An asylum applicant must file within one year of his arrival in the United States unless he shows changed or extraordinary circumstances justifying a delay. 8 U.S.C. § 1158(a)(2). To establish extraordinary circumstances, a petitioner must show (1) that the circumstances were not intentionally created by the alien through his or her own action or inaction, (2) that those circumstances were directly related to the alien's failure to file the application within the 1–year period, and (3) that the delay was reasonable under the circumstances. 8 C.F.R. § 1208.4(a)(5).

Zhou entered the United States on a nonimmigrant visa in 2007 and did not file his asylum application until after he was arrested by DHS in 2012. Zhou claims that the filing deadline should be tolled because he was in a "false imprisonment situation" when he worked for Huasheng Company from 2007 to 2008, was threatened by his employer with negative consequences if he sought asylum relief during that same time, did not speak English, did not drive, and, after leaving Huasheng Company, also experienced threats from Chinese police to confiscate his family home if he did not return to work for Huasheng. Zhou, however, does not explain how these circumstances directly prevented him from filing for asylum until 2012, four years after the expiration of his filing period. As such, the agency's pretermission of Zhou's asylum application as untimely was

2

proper.

2. Substantial evidence supports the agency's adverse credibility determination. Zhou's applications are subject to the REAL ID Act, under which "the IJ may base an adverse credibility determination on any relevant factor that, considered in light of the totality of the circumstances, can reasonably be said to have a 'bearing on a petitioner's veracity.' Conversely, '[t]rivial inconsistencies that under the total circumstances have no bearing on a petitioner's veracity should not form the basis of an adverse credibility determination.'" *Ren v. Holder*, 648 F.3d 1079, 1084 (9th Cir. 2011) (quoting *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010)). "Because credibility determinations are findings of fact by the IJ, they are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (per curiam) (internal quotation marks omitted).

Although the BIA discounted some of the IJ's most trivial "perceived discrepancies" as "not clearly supported by the record," it also discussed and properly relied upon "other numerous discrepancies that are supported by the record and for which the respondent failed to provide explanations." Specifically, we agree that the discrepancies arising from the medical record proffered by Zhou in support of his collarbone injury, and the significant omissions in Zhou's wife's

statement, which Zhou failed to adequately explain when provided the opportunity, constitute substantial evidence for the agency's adverse credibility determination.

In view of the adverse credibility finding, Zhou failed to meet his burden of establishing eligibility for either asylum or withholding of removal. *See Shrestha*, 590 F.3d at 1048.

**PETITION DENIED.**